**SEALED**

McGREGOR W. SCOTT
United States Attorney
KENNETH J. MELIKIAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700



FILED

MAR 21 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
           DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:07-MJ-0084 EFB |
| Plaintiff, | GOVERNMENT'S EX PARTE APPLICATION FOR AN ORDER SEALING THE CRIMINAL COMPLAINT AND AFFIDAVIT; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER |
| v. | |
| RONALD NUWINTORE, | (UNDER SEAL) |
| Defendant. | |

Plaintiff United States of America, through its counsel of record, Assistant United States Attorney Kenneth J. Melikian, applies to the court for an order sealing the criminal complaint, and the affidavit and any pleadings relating to the government's application in this case until further order from this court.  This application is based on the attached memorandum of points and authorities.

DATED: March 21, 2007           Respectfully submitted,

                                McGREGOR W. SCOTT
                                United States Attorney

                                By _____,
                                   KENNETH J. MELIKIAN
                                   Assistant U.S. Attorney

MEMORANDUM OF POINTS AND AUTHORITIES

In its application, the United States has asked this court to seal the criminal complaint and the affidavit filed in support of the criminal complaint until further order of this court. The Ninth Circuit has held on at least two occasions that federal district courts have the inherent power to seal affidavits filed with search warrants in appropriate circumstances. Offices of Lakeside Non-Ferrous Metals, Inc. v. United States, 679 F.2d 779 (9th Cir. 1982); United States v. Agosto, 600 F.2d 1256 (9th Cir. 1979). This inherent power may appropriately be exercised when disclosure of the affidavit would disclose facts which would interfere with an ongoing criminal investigation. Shea v. Gabriel, 520 F.2d 879 (1st Cir. 1979).

In the present case, disclosure of the criminal complaint and corresponding affidavit will jeopardize the success of the ongoing investigation because the government does not intend to arrest the defendant until March 26, 2007. The government intends to attempt to apprehend the defendant simultaneously with the execution of a search warrant. Premature disclosure of the criminal complaint, and the premature disclosure of the affidavit before the defendant is arrested, will likely cause the defendant to flee to avoid apprehension by law enforcement, and to conceal or destroy evidence.

Accordingly, the government requests this court to enter an order sealing the criminal complaint, the corresponding affidavit, and the government's application and court's order, until further order of the court.

///

**PROPOSED ORDER**

GOOD CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED that, the criminal complaint, the corresponding affidavit, the government's application and the court's order be sealed until the further order from this court.

IT IS FURTHER ORDERED that copies of the criminal complaint and affidavit may be revealed and distributed to representatives of the United States Secret Service, and any assisting law enforcement agency, and to any other persons necessary to assist in the apprehension of the defendant as determined by the government.

SO ORDERED:

March 21, 2007

THE HONORABLE EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE