MALCOLM S. SEGAL - SBN 075481
JAMES P. MAYO - SBN 169897
**SEGAL & KIRBY LLP**
770 L Street, Suite 1440
Sacramento, CA  95814
Telephone: (916) 441-0828
Facsimile: (916) 446-6003

Attorneys for Defendant
RICHARD NUWINTORE

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:07-CR-0139 WBS |
| Plaintiff, | **STIPULATION AND [PROPOSED] ORDER REGARDING SUPPRESSION OF EVIDENCE SEIZED DURING SEARCH OF DEFENDANT'S RESIDENCE AND FRUITS THEREOF** |
| vs. | |
| RICHARD NUWINTORE, | |
| Defendant. | |

The defendant, Richard Nuwintore, through his counsel of record, Malcolm Segal, and plaintiff United States of America, through its counsel, Assistant United States Attorney Matthew D. Segal, agree and stipulate that:

1. On March 27, 2007, federal agents executed a search warrant at the defendant's residence at 5712 Tall Grass Way, Elk Grove, California 95758.

2. Pursuant to the authority of the search warrant, agents seized computers, documents, and records from the defendant's home.

3. During the course of the search, the agents questioned the defendant, obtained statements from him, and also obtained a consent to search his automobile, from which they seized various papers and documents.

4. The defendant contends the search and seizure was unlawful and that all evidence derived from the search must be suppressed.

5. The United States, without conceding the illegality of the search, has, in an abundance of caution, decided to enter into this stipulation rather than contest the defendant's claim.

6. The parties have agreed to stipulate that all evidence seized during the search of the defendant's residence and automobile, and any and all direct or indirect derivative evidence derived from the search, including any statements taken from the defendant during the search, will be treated as if they were the subject of a suppression order pursuant to a Fourth Amendment challenge and will not be introduced by the government in this case except insofar as the government shall meet its burden to establish that the proposed evidence falls within a recognized exception to suppression.

7. The parties have also agreed that to the extent the government intends to introduce any evidence acquired after the search of the defendant's residence on March 27, 2007, the government will specifically disclose such evidence to the defendant in order to afford the defendant the opportunity to seek an evidentiary hearing as to its admissibility consistent with this stipulation and such additional evidence as may be introduced at the hearing.

8. Accordingly, the government and the defendant hereby stipulate as follows:

(A) For the purpose of this case only, the search and seizure conducted at the defendant's residence on March 27, 2007, shall be treated is if they were subject to a suppression order.

(B) All evidence seized during the search of the defendant's residence and automobile, including all fruits thereof, any statements made by the defendant, and any evidence obtained as a result of those statements will not be admissible in this case unless such evidence falls within a recognized exception to suppression, the

1  determination of which will be made by the Court after hearing the matter.

2      (C)   If the government intends to proffer evidence obtained after execution of
3  the search warrant, it will disclose such evidence reasonably in advance of trial so
4  that the parties may analyze and, if necessary, litigate whether such evidence should
5  be suppressed as fruit of the March 27, 2007 search.

6      9.   This stipulation shall have effect in this case only. It shall have no effect
7  in any other matter.

8  **IT IS SO STIPULATED**.

9  Dated: April 9, 2010

**SEGAL & KIRBY LLP**

10  By: /s/ Malcolm Segal
Malcolm Segal
11  Attorneys for Defendant RICHARD NUWINTORE

12  Dated: April 9, 2010

13  By: /s/ Matthew D. Segal
Matthew D. Segal
14  Assistant United States Attorney

15  **SO ORDERED.**

16  Dated: April 9, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE