UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD NUWINTORE,<br><br>Defendant. | No. 2:07-cr-0139 WBS AC<br><br><br><br>ORDER |

This coram nobis matter is currently before the undersigned on remand from the Ninth Circuit, for an evidentiary hearing on petitioner's ineffective assistance of counsel claim. ECF Nos. 157, 159. Petitioner contends that counsel failed to competently advise him regarding the immigration consequences of his plea. The United States seeks a ruling that petitioner has waived the attorney-client privilege with respect to all communications with his former attorney, Christopher Haydn-Meyer, regarding his decision to plead guilty. ECF Nos. 170, 173. Petitioner contends that the waiver should be limited to communications which took place on the day the plea was entered, and should exclude communications regarding the likelihood of prevailing at trial. ECF Nos. 172, 174. For the reasons that follow, the government's motion is granted.

A claim of ineffective assistance of counsel waives attorney-client privilege as to communications with the allegedly ineffective lawyer, but the waiver applies only (1) to the extent necessary to give respondent a fair opportunity to defend against the particular claim, and (2) in the collateral proceeding in which the claim is presented. Bittaker v. Woodford, 331 F.3d

1

715, 717, 720, 722-23 (9th Cir. 2003) (en banc). The court must tailor the scope of the waiver to the universe of facts placed in issue by the claim. See id. at 720.

Here, petitioner alleges that Mr. Haydn-Meyer wrongly told him that despite the representation in the plea agreement that he was pleading to a "mandatory deportation" offense, he would not actually be deported because of his asylum status. Petitioner further alleges that if he had known that he would lose his asylum status and become deportable, he would not have pled guilty. To prevail, petitioner must prove both (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 692, 694 (1984). In the context of a guilty plea, petitioner must show prejudice by establishing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Accordingly, petitioner's decision-making process regarding the plea decision is central to his claim.

Petitioner's proposed temporal limitation on the scope of the waiver, and accordingly on the evidence to be adduced at the hearing, is without support in logic or authority. The entire course of attorney-client communications regarding the plea offer and petitioner's decision to plead guilty is potentially relevant to both the performance and prejudice prongs of Strickland. By presenting this claim, petitioner has placed in issue all of counsel's advice regarding the plea offer, including but not limited to advice regarding immigration consequences, and petitioner's own deliberative process regarding the plea. In order to defend against the claim, respondent must have a fair opportunity to inquire into all of counsel's advice regarding the plea offer, and plaintiff's entire deliberative process regarding the plea. The court must make findings regarding the entire course of plea negotiations, the advice that Mr. Haydn-Myer gave petitioner, the reasonableness of that advice in light of the context of the case as a whole, and the reasons for petitioner's acceptance of the plea offer. See Padilla v. Kentucky, 559 U.S. 356 (2010); Lee v. United States, 137 S.Ct. 1958 (2017); United States v. Rodriguez-Vega, 797 F.3d 781 (9th Cir. 2015). Accordingly, the waiver cannot fairly be limited to communications on the day of the plea.

1   Petitioner further contends that the waiver of attorney-client privilege should not extend to communications regarding the likelihood of prevailing at trial. Petitioner argues that such a waiver "would open up the entire scope of communications including defense strategy and defendant's statements." ECF No. 172 at 3. It is true that strategic considerations relevant to plea negotiations, and to petitioner's decision to accept the offer, will necessarily be revealed at an evidentiary hearing on plaintiff's claim. That consequence is the direct result of plaintiff's choice to pursue the claim. See Bittaker, 331 F.3d at 716. To the extent that petitioner made statements the existence of which were relevant to the relative risks and benefits of accepting the deal or proceeding to trial, petitioner's allegations have similarly waived the privilege.[1] Defense strategy and statements unrelated to the evaluation of these options are outside the scope of the Strickland claim, however, and the privilege is not waived as to them.

The likely outcome of a trial is one of many factors that a defendant must consider when evaluating a plea offer, and about which defense counsel must offer advice. Accordingly, such discussions are directly relevant to the prejudice inquiry. Petitioner relies on Lee, 137 S.Ct. 1958, which rejected the theory that prejudice in this context requires a showing that defendant would have been better off going to trial. Lee did not, as petitioner suggests, hold that the likelihood of conviction at trial is irrelevant to prejudice. On the contrary, the Supreme Court specifically held that a defendant's trial prospects must be considered as part of the totality of the evidence regarding the decision to accept a guilty plea. Id. at 1966-67. Under Lee, it is possible for an ineffective assistance claim regarding a plea to succeed even where the likely outcome of a favorable trial outcome is slim to none. However, the necessary inquiry requires full development of all the pertinent facts. Id. (prejudice inquiry "demands a 'case-by-case examination' of the 'totality of the evidence.'" (quoting Williams v. Taylor, 529 U.S. 362, 291 (2000)). Lee thus supports the government's position that the waiver of privilege extends to

---

[1] The evidentiary hearing will be subject to a protective order limiting the government's use of attorney-client communications to its defense of the ineffective assistance claim in this collateral proceeding. See Bittaker, 331 F.3d at 722-24. Otherwise privileged material disclosed at the hearing may not be used against petitioner at a retrial, if any. See id. If petitioner wishes to avoid disclosure at the evidentiary hearing, he may avoid waiver by abandoning the claim. Id. at 721.

attorney-client communications regarding likely trial outcome.  While not necessarily dispositive, such communications are relevant to the prejudice prong of petitioner's claim.

      For all these reasons, the United States' motion regarding waiver of attorney-client privilege, ECF No. 170, is GRANTED as specified above.  The evidentiary hearing will be set by separate order.

      SO ORDERED.

DATED: November 22, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE